

Gerald C. Mann
PRICE DANIEL
XXXXXXXXXXX

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS

Hon. John R. Shook
Criminal District Attorney
Bexar County
San Antonio, Texas

Dear Sir:

Opinion No. O-1484
Re: Funds available to pay
accrued interest and premium
on bonds purchased with money
belonging to the County Perma-
nent School Fund.

We have your letter of September 20, in which you request our opinion on the following question:

"From what fund or funds can be paid the accumulated interest and premium on bonds purchased with money belonging to the County Permanent School Fund?"

Before answering your question we desire to readopt the opinion of Mr. Victor W. Boulding, Assistant Attorney General, dated July 22, 1936, addressed to Mr. J. I. Barron, County Auditor of Brazos County, as expressing our views on this subject. You have been heretofore supplied with a copy of that opinion.

In answer to your question we wish to advise that it is our opinion that premium costs of bonds purchased for the County Permanent School Fund should be charged to that fund and repaid to said fund out of the first interest accruing on said bonds. This action should be taken by the Commissioners' Court to whom has been delegated the responsibility of investing and safeguarding the County Permanent School Fund. See Section 6, Article 7, of the Constitution and Article 2824, Revised Civil Statutes, 1925.

And it is also our opinion that the interest accrued on such bonds at date of purchase should be paid out of the "available fund". Under the authority of Oge et al vs. Froboese et al, 66 S.W. 688 (rehearing denied) it has been determined that the Commissioners Court has no jurisdiction over the "available fund", that power having been conferred upon the county school trustees acting through the County Superintendent. Such was the court's interpretation, there being no express law on the subject.

It is, therefore, our conclusion that it would be necessary for the County Superintendent to authorize the issuance of a warrant against the "available fund" for the purpose of paying the accrued interest on any bonds purchased by the Commissioners'

Court as an investment for the County Permanent School Fund. These two authorities should act jointly. It follows, as a matter of course, that the "available fund" would be reimbursed for such expenditure upon the receipt of the interest subsequently paid by the obligor on the bonds.

Trusting that this satisfactorily answers your question, we are

Very truly yours,

APPROVED SEP 29, 1939
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

ATTORNEY GENERAL OF TEXAS

By /s/ Clarence E. Crowe
Clarence E. Crowe, Assistant

APPROVED: OPINION COMMITTEE
BY:      BWB, CHAIRMAN

CEC-s:wb